UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUBY HUNTER,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RELOCATION VAN LINES; NATIONAL RELOCATION SOLUTIONS,<br><br>        Defendants. | Case No. 2:18-cv-00252-RFB-DJA<br><br>**ORDER** |

### I.    INTRODUCTION

Before the Court is Plaintiff Ruby Hunter's Motion for Default Judgment against Defendants National Relocation Van Lines and National Relocation Solutions. ECF No. 16.

### II.    PROCEDURAL BACKGROUND

Plaintiff filed a complaint on February 10, 2018. ECF No. 1.  On July 31, 2018, the Court issued and order allowing Plaintiff to serve Defendants by publication. ECF No. 9. On September 28, 2019, Plaintiff served Defendants by publication. ECF No. 10.  Plaintiff moved for entry of default against Defendants, which the clerk entered on August 19, 2019. ECF Nos. 13,14.

### III.    FACTUAL BACKGROUN

In the complaint, Hunter alleges the following:

Hunter contracted with National Relocation Solutions (NRS) to ship her items from Indiana to Las Vegas. However, NRS did not actually move her items and instead sub-contracted National Relocation Van Lines ("NRVL") to handle the move. When Hunter found NRVL online she

received a quote for a 26-foot trailer from a Kyle Parker for $4,375.55. Hunter listed 84 items she wanted delivered to Las Vegas and Parker represented that all those items would be delivered to her new home. Therefore, Hunter agreed to pay a deposit of $1,640.90 and executed an online contract. Hunter was to pay $1,640.90 at pick up and make a final payment of $1,640.90 when the furniture was delivered. Parker instructed Hunter that the company would only accept credit cards, money orders, and cashier checks. Hunter agreed to pay by credit card.

NRS arranged for pick up of the items on August 28, 2015 and delivery was scheduled for September 22, 2015. On August 28, 2015, the pickup truck arrived and the driver informed Hunter that she had to pay more because she was over the cubic-feet limit. The driver quoted Hunter an additional $3,307.50 and would not move her items unless she agreed to pay. Hunter called NRVL to review the agree-upon quote she discussed with Parker but was informed that he no longer worked there. Hunter reluctantly agreed to pay the driver $3,307.50 and was assured that there would be no more charges.

On September 22, 2015, the agreed-upon delivery date in Las Vegas, NRVL did not deliver Hunter's items. Hunter contacted NRVL to no avail. Eventually NRVL informed Hunter that they would deliver her items by October 3, 2015 but they never came. NRVL called and rescheduled delivery for October 13, 2015. The pickup truck came on October 13, 2015 and NRVL's drivers and movers charged Hunter an additional fee because she lived at a "distance" and on the second floor. The NRVL driver and movers demanded $3,500 cash and refused to let her have her belongings until she paid them. Hunter reluctantly paid NRVL the cash and the driver refused to give Hunter a bill of landing, receipt, or any paperwork. Instead of a total quoted move of $4,375.55, Hunter ended up paying $7,858.75

### IV.    LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ.

P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

The district court may determine the amount of damages without an evidentiary hearing where "the amount claimed is a liquidated sum or capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981).

### V.     DISCUSSION

In considering the seven Eitel factors, the Court finds default judgment against Defendants is warranted. The first and sixth factors favor granting default judgment because Defendants failed to defend or appear at all in this matter since being served with the summons by publication. Their failure to appear for the past two years prejudices Plaintiff by preventing her from recovering the amount she was overcharged for her cross-country move. Further, their failure to appear for the substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment Defendants failure to appear prevents the Court from determining the matter on its merits.

The second and third factors also favor a grant of default judgment. Plaintiff seeks for Defendants to be held liable for their breach of contract, conversion, negligence, deceptive trade

practiced and violation of 49 U.S.C. § 14706 as well as the additional $3,483.20 she paid for the move. There are sufficient allegations in the complaint and exhibits attached to this instant motion demonstrating Plaintiff is entitled to the relief requested. Thus, Plaintiff has demonstrated her claims are meritorious.

Finally, there is money at stake ($3,483.20) in this action. And while both the Federal Rules' policy in favor of deciding cases on the merits and the amount of money at stake ($3,483.20) caution against the granting of default judgment, the Court does not find that either factor so heavily weighs against entry of default judgment in this instance. See Employee Painters' Tr. v. Ethan Enters., Inc., 480 F.3d 993 (9th Cir. 2007) (upholding entry of $1,030,344.95 default judgment against corporate employer for delinquent contributions under ERISA).Thus, the Court finds the Eitel factors favor the grant of default judgment against Defendants.

The Court further finds that Plaintiff has submitted credible evidence to support the amount of damages in this case. The Court has reviewed this evidence and finds her damages to be reasonable and subject to calculation. Davis, 650 F.2d at 1161.

The Court also finds pursuant to the District's Local Rules that the Defendants have consented to the granting of this motion by failing to respond. LR 7-2.

### VI. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment [ECF No. 16] is GRANTED. The Court awards $9,140.20 in damages, and $1,015.00 in costs for a total of $10,155.20. Judgement is entered for damages and costs jointly and severally against Defendants National Relocation Van Lines and National Relocation Solutions.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly and close this case.

DATED September 30, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**